**RECEIVED**

SEP 2 0 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Barry E. Williams, #22371-083,  )  | Civil Action No. 9:05-0712-HFF-GCK |
| Petitioner,  ) | |
| vs.  ) | **REPORT AND RECOMMENDATION** |
| J. Lamanna, Warden;  ) | **OF THE MAGISTRATE JUDGE** |
| Respondent.  ) | |

## I. INTRODUCTION

The Petitioner, Barry E. Williams ("Petitioner"), a federal prisoner proceeding *pro se*, seeks *habeas corpus* relief under Title 28, United States Code, Section 2241. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(b)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION



Petitioner filed his Petition for *habeas corpus* relief (the "Petition") as a *pro se* litigant. As such, his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). Moreover, the Court cannot ignore a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.1990). Such is the case with the present Petition.

### III. FACTUAL BACKGROUND

On November 16, 2000, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to a thirty-four (34) month term of incarceration for Escape (18 U.S.C. § 751) and Theft of Government Property (18 U.S.C. § 641).[1]

On December 6, 2000, Petitioner was charged in a two-count indictment by the City of Norfolk, Virginia, with burglary, and grand larceny.[2] He was tried by a state jury in October 2001 and found guilty of receiving stolen property, a charge which had been included in the jury instructions. The jury recommended a three-year sentence in the Virginia State Penitentiary.

---

[1] Petitioner also was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to a term of 96 months, and the Respondents concede that this sentence was completed on November 27, 2002. See Respondent's Answer [5-1] at ¶ 3.

[2] See Petition [1-1] at p. 2.

Thereafter, on February 1, 2002, Petitioner was sentenced to three years in prison, consecutive with the federal term to which the Petitioner had been sentenced in 2000.[3]

Petitioner contends that the Bureau of Prisons ("BOP") miscalculated Petitioner's Good Conduct Time ("GCT") in a manner inconsistent with the Comprehensive Crime Control Act of 1984 and 18 U.S.C. § 3624(b).[4]

## IV. PROCEDURAL HISTORY

On February 17, 2005, Petitioner filed his Petition pursuant to 28 U.S.C. § 2241[5] against FCI Edgefield's Warden Lamanna (the "Respondent"), alleging that the BOP has misinterpreted 18 U.S.C. § 3624(b) and is forcing him to serve more time on his sentence than mandated by Congress. Pursuant to Section 2241, an inmate can challenge the validity of an individual's sentence and the execution of that sentence. The proper party respondent in a habeas corpus petition is the custodian of the prisoner. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Accordingly, Petitioner named the proper respondent at the time he filed suit.

On March 11, 2005, the undersigned advised the Petitioner that his action was not "in proper form". [2-1] On March 25, 2005, the Petitioner filed a Motion to proceed *in forma pauperis* [3-1], and that Motion was granted by the undersigned on March 29, 2005, and the Clerk of Court was directed to serve the Petition. [4-1] Thereafter, on May 26, 2005, the Respondent filed an Answer denying that the Petitioner's sentence was improperly calculated [5-1], and also filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), or in the

---

[3] See Petitioner's Memorandum [1-1] at pp. 2-3.

[4] See Petitioner's Memorandum [1-1] at un-numbered page 3.

[5] Petitioner has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988). See Order [2-1] filed March 11, 2005, at p.1, n.1.

alternative, for Summary Judgment, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure ("Respondent's Motion"). [6-1]

On June 3, 2005, the undersigned issued an Order directing the Respondent to answer certain interrogatories posed by the court regarding the computation of Petitioner's sentence. [7-1] Before the court received answers to its interrogatories, the Petitioner filed a Motion to Stay [8-1], requesting that the instant proceedings be held in abeyance pending the decision by the United States Court of Appeals for the Fourth Circuit in Yi v. Brooks, No. 04-6891, which at that time was on appeal from the United States District Court for the Eastern District of Virginia, at Richmond.[6]

On June 13, 2005, the undersigned denied Petitioner's Motion to Stay. [9-1] Thereafter, on June 15, the Respondent filed his reply to the court's interrogatories [10-1], and the Petitioner notified the Clerk of Court that he had been transferred to the Powatan Correctional Center in State Farm, Virginia. [11-1] The Respondent's answers were served upon Petitioner at his new address, and on June 20, 2005, the undersigned filed an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of the dismissal procedure and the possible consequences if he failed to adequately respond to Respondent's Motion within thirty-four (34) days.[7] [13-1] The court issued a twenty-day order after Petitioner failed to respond to Respondent's Motion. [15-1] As a result, the Petitioner responded by filing his Response to the Motion on August 15, 2005. [6-1] Accordingly, this matter is now ripe for review by this Court.

---

[6] The Honorable Robert E. Payne had issued the opinion for the District Court. On June 17, 2005, the Fourth Circuit affirmed Judge Payne's decision in Yi v. Federal Bureau of Prisons, 412 F.3d 526 (2005).

[7] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

Page 4 of 8

## V. STANDARD FOR DECIDING A MOTION TO DISMISS

The standard for determining a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is only appropriate where it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[.]" Conley v. Gibson, 355 U.S. 41, 45-6 (1957). A complaint should not be dismissed for insufficiency unless it appears to a certainty that a plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim. 2A James Wm. Moore et al, MOORE'S FEDERAL PRACTICE, ¶ 12.08 at 2271-2274; see also Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993) (same).

## VI. ANALYSIS

The court, in its usual analysis of Section 2241 cases, would enquire whether the Petitioner has properly exhausted the administrative remedies afforded by the BOP. In the present case, however, this threshold inquiry is not necessary.

To satisfy the "case" or "controversy" requirement of Article III, which is the "irreducible constitutional minimum" of standing, a plaintiff must, generally speaking, meet the three criteria set forth in Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). First, a plaintiff must show he has suffered or is about to suffer an "injury in fact"; second, there must be a causal connection between the injury and the conduct complained of; and finally, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61.

In the present case, Petitioner has informed the court that he has been transferred to a state correctional facility in Virginia. [11-1] The Respondent has informed the court that

Petitioner was released from BOP custody on June 9, 2005.[8] This court has confirmed, through access to the BOP website, that Petitioner was released from BOP custody on June 9, 2005.[9]

Because Petitioner has been released from BOP custody, he fails to meet the Lujan criteria. Simply stated, Petitioner's action is moot. See Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972); *and* Inmates v. Sheriff Owens, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in North Carolina v. Rice, 404 U.S. 244, 246-247 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." I.D. by W.D. v. Westmoreland School District, 1994 U.S.Dist. LEXIS® 12499, *8-*9, 1994 WESTLAW® 470568 (D.N.H., September 2, 1994), *reconsideration denied*, I.D. by W.D. v. Marston, 1994 U.S.Dist. LEXIS® 17258 (D.N.H., November 30, 1994), *citing* United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980).

## RECOMMENDATION

Based upon the reasons set forth above, it is recommended that Petitioner's Petition for Habeas Corpus relief [1-1] **should be denied and dismissed**; Respondent's Motion to Dismiss [6-1] **should be granted**.

George C. Kosko
United States Magistrate Judge

September 20, 2005
Charleston, South Carolina

---

[8] See Response to Court's Questions [10-1] at p. 2, Answer to Question 4.

[9] See http://www.bop.gov (Follow Inmate Locator hyperlink) (last visited Sept. 19, 2005).

## <u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u> & <u>The Serious Consequences of a Failure to Do So</u>

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.) 1984, *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on

other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir. 1985)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *** We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
